UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| CHRISTIAN STOKES, | |
| Plaintiff, | CIVIL ACTION NO. 08-cv-3667(CM)(DFE) |
| vs. | **COMPLAINT AND JURY DEMAND** |
| RONALD LUSKER, MARILYN KOCHER LUSKER, EBERT & ASSOCIATES, STEVEN EBERT, ESQ., ANDREWS BUILDING CORP., MALLEY GROUP, ERIC MALLEY, 85-87 MERCER STREET ASSOCIATES, INC., | "ECF CASE" |
| Defendants. | |

_____

Plaintiff, Christian Stokes, by and through his attorney Joseph H. Neiman, complaining of the Defendants, alleges the following upon information and belief:

### NATURE OF THE CASE

1.     This is an action brought by Christian Stokes against various parties alleging breach of contract with regard to a real estate transaction. In addition, Plaintiff alleges claims for negligence, fraud, and professional mal-practice. By this action, Plaintiff seeks money damages for breach of contract, negligence, fraud with inducement, fraud and professional mal-practice, liquidated, compensatory and punitive damages and attorney's fees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. Sec. 1332:a:2. The action is between citizens of different states and the matter in controversy exceeds $75,000.00 exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, as the acts complained of herein took place in City of New York, State of New York and all defendant's reside or do business in the City of New York, State of New York.

## PARTIES

4. Plaintiff, Christian Stokes, is an individual of legal age, residing at 11 Marino Park, Mount Merrion Avenue, Blackrock, Dublin, Ireland.

5. Defendant, Ronald Lusker, is an individual of legal age, residing at 85-87 Mercer Street, New York, New York 10012 and the Seller of the Co-op located at 85-87 Mercer Street, New York, New York.

6. Defendant, Marilyn Kocher Lusker, is an individual of legal age, residing at 85-87 Mercer Street, New York, New York 10012 and the Seller of the Coop located at 85-87 Mercer Street, New York, New York.

7. Defendant, Ebert & Associates is the law firm that represented plaintiff in the purchase of the Coop located at 85-87 Mercer Street, New York, New York.

8. Defendant, Steven Ebert, Esq. is the attorney that represented plaintiff in the purchase of the Coop located at 85-87 Mercer Street, New York, New York.

9. Defendant, Andrews Building Corp. is the Managing Agent of the Coop located at 85-87 Mercer Street, New York, New York.

10. Defendant, Malley Group is the real estate broker who represented plaintiff in the purchase of the Coop located at 85-87 Mercer Street, New York, New York.

11. Defendant, Eric Malley is the real estate broker who represented plaintiff in the purchase of the Coop located at 85-87 Mercer Street, New York, New York.

12. Defendant, 85-87 Mercer Street Associates, Inc., is the cooperative housing corporation.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff, repeats and realleges each and every allegation contained in the Paragraphs 1 through 12 of this Complaint as though each were fully set forth at length herein.

14. Plaintiff was intending to invest certain sums of money in real estate in the City of New York, State of New York.

15. Plaintiff contacted defendant Eric Malley of the Malley Group.

16. In or about March of 2007, Plaintiff was shown a certain coop unit located at 85-87 Mercer Street, New York, New York by Eric Malley of Malley Group.

17. During those showings, Eric Malley of Malley Group advised plaintiff that this would be a perfect place for a commercial retailer and that the return on the rental that he could obtain for plaintiff would be 1.1 to 1.2 million dollars which would more than cover the mortgage that plaintiff would need to purchase the premises.

18. At all times the defendant Eric Malley represented to plaintiff that the premises would be more than suitable for such occupancy.

19. Plaintiff then solicited Steven Ebert, Esq. Of Ebert & Associates to represent him in the matter in the purchase of the premises to protect his legal interest and advise him on the purchase of said premises.

20. At all times, defendants, Erick Malley and Steven Ebert, Esq. knew that the only way plaintiff could financially perform the terms of the agreement was to be able to rent said premises to a commercial retailer.

21. Unbeknownst to plaintiff at all times, the premises could not be rented to a commercial tenant because of restrictions within both the Coop By-Laws and Deed.

22. At all times, the Sellers, Ronald Lusker and Marilyn Kocher Lusker knew that plaintiff wanted to rent said premises to a commercial retailer but, not only did they not advise plaintiff but conspired with 85-87 Mercer Street Associates, Inc. and Andrews Building Corp. in order to wrongfully obtain the deposit money plaintiff made in respect to such agreement.

23. The coop board, 85-87 Mercer Street Associates, Inc. approved the plaintiff to purchase the unit despite the fact that it knew that plaintiff could not financially undertake the transaction. It did this in connection with Ronald Lusker and Marilyn Kocher Lusker to allow the Sellers to fraudulently and unjustly retain plaintiff's deposit of $250,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiff, Christian Stokes, repeats and realleges each and every allegation contained in the Paragraphs 1 through 23 of this Complaint as though each were fully set forth at length herein.

25. Defendants, Ronald Lusker and Marilyn Kocher Lusker are obligated to return the deposit of $250,000.00 under the following legal theories; unjust enrichment, fraudulent inducement and violation against the policy of penalties and/or forfeiture.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS, 85-87 MERCER STREET ASSOCIATES, INC. and ANDREWS BUILDING CORP.

26. Plaintiff, Christian Stokes, repeats and realleges each and every allegation contained in the Paragraphs 1 through 25 of this Complaint are realized and incorporated herein by reference as though fully set forth at length herein.

27. At all times, the coop agent, Andrews Building Corp., knew plaintiff could only financially complete the transaction if plaintiff could put in a commercial retailer.

28. Defendants are obligated to return the monies to plaintiff as they either negligently approved the purchase or upon information and belief did so in conspiracy with defendants, Ronald Lusker and Marilyn Kocher Lusker because at all times 85-87 Mercer Street Associates, Inc. and Andrews Building Corp. were aware that the plaintiff would not and could not apply financially with the terms of the contract.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, MALLEY GROUP and ERIC MALLEY

29. Plaintiff, Christian Stokes, repeats and realleges each and every allegation contained in the Paragraphs 1 through 28 of this Complaint are realized and incorporated herein by reference as though fully set forth at length herein.

30. Eric Malley either intentionally or negligently misrepresented to plaintiff his ability to obtain commercial tenants and knew or should have known that the plaintiff

would not be able to obtain such tenants and therefore could not financially comply with the terms of the deal and would eventually lose his deposit of $250,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANTS, EBERT & ASSOCIATES
## and STEVEN EBERT, ESQ.

31.  Plaintiff, Christian Stokes, repeats and realleges each and every allegation contained in the Paragraphs 1 through 30 of this Complaint are realized and incorporated herein by reference as though fully set forth at length herein.

32.  Defendant, Steven Ebert, Esq. was hired to represent plaintiff.

33.  Defendant, Steven Ebert, Esq. failed in his obligation to represent plaintiff and failed to read the documents which would have enlightened the plaintiff and avoided this transaction and furthermore, had plaintiff sign the contract without either obtaining or reviewing all of the necessary documents from the coop board and the sellers.

34.  Additionally, Defendant, Steven Ebert, Esq. failed to provide in plaintiff's contract that plaintiff would be free to rent to a commercial tenant.

WHEREFORE, Plaintiff respectfully prays this court enter judgment on all Counts for compensatory damages in the sum of $250,000.00, punitive damages to be determined by the trier of fact, attorney's fees to be determined by the court, as well as interest and costs incurred in this action and for such other further relief as this court deems just and proper.

Dated: April 14, 2008          _s/Joseph H. Neiman_____
                                Joseph H. Neiman, Esq.
                                Attorney for Plaintiff
                                179-36 80th Road
                                Jamaica Estate, New York 11432
                                (201) 487-0061

**JURY DEMAND**

Plaintiff demands trial by jury with respect to all issues so triable.

Dated: April 14, 2008       _s/Joseph H. Neiman_____
                            Joseph H. Neiman, Esq.
                            Attorney for Plaintiff
                            179-36 80th Road
                            Jamaica Estate, New York 11432
                            (201) 487-0061