UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CHRISTIAN STOKES,

        Plaintiff,

        -against-

RONALD LUSKER, MARILYN LUSKER,
EBERT & ASSOCIATES, STEVEN EBERT, ESQ.,
ANDREWS BUILDING CORP., MALLEY GROUP,
ERIC MALLEY, and
85-87 MERCER STREET ASSOCIATES, INC.,

        Defendants.

-------------------------------------------------------X

08 CIV 3667
(CM) (DFE)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

By:    WROBEL & SCHATZ LLP
          1040 Avenue of the Americas, 11th Floor
          New York, NY 10018-3703
          Tel: (212) 421-8100
          *Attorneys for Defendants*
          *Eric Malley and Malley Group*

Table of Contents

|  | Page |
|---|---|
| Preliminary Statement............................................................... | 1 |
| Argument   THE COURT SHOULD DISMISS STOKES' COMPLAINT BECAUSE A PARTY CANNOT CLAIM TO HAVE RELIED JUSTIFIABLY UPON ORAL STATEMENTS OF A BROKER WHEN THE CONTRACT BINDING THE PARTIES STATES THE TERMS THEREIN ARE THE ONLY REPRESENTATIONS................... | 2 |
| A. Negligent Misrepresentation.......................... | 2 |
| B. Plaintiff cannot claim fraud when he failed to conduct due diligence that would have revealed facts it claims should have been disclosed....... | 5 |
| C. A party that has an arms length relationship with another has no duty to advise the other on the prudence of pursuing a deal........................ | 6 |
| Conclusion................................................................................ | 8 |

Table of Authorities

Cases                                                                              Page

Cohen v Houseconnect Realty Corp., 734 N.Y.S.2d 205,
(2d Dept., 2001); 289 A.D. 2d 277.................................................     6

Glazer v. LoPreste, 278 A.D.2d 198 (2000); 717 N.Y.S.2d 256 .................      7

Granat v. Center Art Galleries-Hawaii, Inc., 1993 WL 403977, at *6
(S.D. N.Y., 1993)..........................................................................      4

Jablonski v. Rapalje, 14 A.D.3d 484 (2005); 788 N.Y.S.2d 158.................      7

London v. Courduff, 141 A.D.2d 803, (1988); 529 N.Y.S.2d 874.................    7

Mandarin Trading Ltd. v. Wildenstein, 851 N.Y.S.2d 71,
(N.Y. Sup. Ct., 2007); 17 Misc.3d 1118............................................   3, 4, 6

Mechigian v. Art Capital Corp., 612 F.Supp. 1421, 1431 (D.C.N.Y., 1985)....    4

Pappas v. New 19 West, LLC, 2008 WL 509087 (N.Y. Sup. Ct., 2008);
18 Misc.3d 1138............................................................................ 3, 4, 6, 7

Petrello v. White, 412 F.Supp.2d 215, (E.D.N.Y. 2006)............................     6

Platzman v. Morris, 283 A.D.2d 561, (2001);
724 N.Y.S.2d 502.........................................................................     7

Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC, 32 A.D.3d 423,
(2006); 820 N.Y.S.2d 124...............................................................     6

WROBEL & SCHATZ LLP
1040 AVENUE OF THE AMERICAS
11TH FLOOR
NEW YORK, NEW YORK 10018
TEL: 212-421-8100
*Attorneys for Defendants Eric Malley and Malley Group*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CHRISTIAN STOKES,

                                         Case No. 08 CIV 3667
                                         (CM) (DFE)

            Plaintiff,

        -against-
RONALD LUSKER, MARILYN LUSKER,
EBERT & ASSOCIATES, STEVEN EBERT, ESQ.,
ANDREWS BUILDING CORP., MALLEY GROUP,
ERIC MALLEY, and
85-87 MERCER STREET ASSOCIATES, INC.,

           Defendants.

-------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT

PRELIMINARY STATEMENT

Defendants Eric Malley and Malley Group (collectively, "Malley") respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint of plaintiff Christian Stokes ("Stokes") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the Complaint fails to state a cause of action upon which relief may be granted. In accordance with the very recent New York State case of

1

Pappas v. New 19 West, LLC, 2008 WL 509087 (N.Y. Sup. Ct., 2008); 18 Misc.2d 1138, and other applicable law, the case against Malley should be dismissed

ARGUMENT

THE COURT SHOULD DISMISS STOKES' COMPLAINT BECAUSE A PARTY CANNOT CLAIM TO HAVE RELIED JUSTIFIABLY UPON ORAL STATEMENTS OF A BROKER WHEN THE CONTRACT BINDING THE PARTIES STATES THE TERMS THEREIN ARE THE ONLY REPRESENTATIONS.

A.  Negligent Misrepresentation

The recent New York State case of Pappas v. New 19 West, LLC, 2008 WL 509087 (N.Y. Sup. Ct., 2008) is very helpful in understanding the rights and obligations of the parties herein. In Pappas, plaintiffs were purchasers of a condominium and one of the defendants was a real estate broker retained by the seller sponsor to sell the condominiums. In Pappas, plaintiffs claimed that the defendant broker represented to the plaintiffs that they would be able to use the roof space as a terrace, which was incorrect. Similar to the instant action, the plaintiffs sued the broker for fraud and negligent misrepresentation.

In Pappas, the court dismissed the plaintiff's negligent representation claim against the broker, explaining that "the Offering Plan accurately described what Buyers were purchasing. The Offering Plan plainly states that the roof setbacks are not terraces." Pappas, at 4. "Buyer's alleged reliance on [broker's] statements was not reasonable where the statements were contradicted by the terms of the Offering Plan" and "Buyers represented that they did not rely upon any representations made by the selling agent or Sponsor, apart from those contained in the Offering Plan and contracts." Id. at 5. The condominium offering plan provided in the "Special Risks" section that the roof setbacks were not legal terraces, and the contract of sale provided that "Purchaser acknowledges

2

that Purchaser has not relied upon any…representations, warranties, statements or estimates of any nature whatsoever…except as herein or in the Plan specifically represented." Id. at 1.

In New York, before a plaintiff can recover for negligent misrepresentation, it must show "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance." Mandarin Trading Ltd. v. Wildenstein, 851 N.Y.S.2d 71, 5, (N.Y. Sup. Ct., 2007); 17 Misc.3d 1118 (citations omitted). "[I]n order to establish a negligent misrepresentation claim in a commercial context, it must be shown that the defendant possessed unique or specialized expertise, or be in a special position of trust and confidence with the plaintiff." Id. (citations omitted). "Allegations of superior knowledge or expertise in the art field are per se insufficient to establish the existence of a fiduciary relationship." Id. at 4, citing Granat v. Center Art Galleries-Hawaii, Inc., 1993 WL 403977, at *6 (S.D. N.Y., 1993), citing Mechigian v. Art Capital Corp., 612 F.Supp. 1421, 1431 (S.D. N.Y., 1985).

In the instant case, it appears that plaintiff seeks to hold Malley liable for representing that the premises would be suitable for a high-paying tenant when in fact this could not be the case prior to re-zoning a portion of the premises. All the documents presented to Stokes and his attorney for review made clear what he was purchasing and what, if any, representations he could rely upon.

As explained in the accompanying affidavit by Eric Malley, sworn to June 24, 2008, the Contract contained a merger clause and other disclaimers that preclude Stokes

3

from claiming he relied upon statements by Malley not contained within the Contract. Specifically, ¶14.1 says that "All prior oral or written representations, understandings and agreements had between the Parties with respect to the subject matter of the Contract, and with the Escrowee as to ¶27, are merged in this Contract, which alone fully and completely express the Parties and Escrowees' agreement." The Contract states in ¶35(b) that "Purchaser acknowledges having entered into this Contract without relying upon any promises, statements, representations, warranties, conditions or other inducements, express or implied, oral or written, not set forth herein" and in ¶5 (entitled "<u>Corporate Documents</u>") that "[Plaintiff] has examined and is satisfied with, or (except as to any matter represented in this Contract by Seller) accepts and assumes the risk of not having examined the Leases, the Corporation's Certificate of Incorporation, By-laws, House Rules, minutes of the shareholder's and director's meetings, most recent audited financial statements and most recent statement or tax deductions available to the Corporation's shareholders..."[1]

    Neither the Contract nor the Corporate Documents represents or warrants that Plaintiff can use the residential portion of the premises for commercial purposes without re-zoning. In fact, Paragraph 14(a) of the Proprietary Lease provides that "all Apartments Units in the Building . . . are to be occupied for the uses set forth in paragraph 14(c)." Paragraph 14(c) provides that "Under current zoning laws, the Apartment Units (excluding the north Gallery which is a NYC Zoning Resolution-compliant retail gallery) [which consists of the retail portion of the Premises] may be used residentially only as joint living-work quarters for artists..."

---

[1] The foregoing documents shall be referred to herein as the "Corporate Documents."

4

Plaintiff cannot now claim to have justifiably relied upon a statement by the broker when the Contract and all of the Corporate Documents disclaimed the alleged representation made by Malley.

B.   Plaintiff cannot claim fraud when he failed to conduct due diligence that would have revealed facts it claims should have been disclosed.

To make a claim for fraud, a party must demonstrate: (1) misrepresentation of a material fact; (2) knowledge of falsity and intent to defraud; (3) justifiable reliance on such misrepresentation; and (4) resulting damages to plaintiff. Mandarin Trading Ltd. v Wildenstein, at 3, citing Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC, 32 A.D.3d 423, 424 (2006); 820 N.Y.S.3d 124. The facts on which a fraud claim is based must also be set forth in detail. CPLR 3016(b). Not only must the plaintiff plead the essential elements of fraud, but must support each of the elements with factual allegations. See Cohen v Houseconnect Realty Corp., 734 N.Y.S.2d 205, 206 (2d Dept. 2001); 289 A.D.2d 277. Furthermore, cases have clearly held that where a contract contains a merger clause, any purported reliance on prior oral representations is "not reasonable as a matter of law." See Petrello v. White, 412 F.Supp.2d 215, 228 (E.D.N.Y. 2006).

In Pappas, plaintiff's fraud claim, like its negligent misrepresentation claim, was dismissed because the transaction documents contradicted the alleged misrepresentation of the defendant broker. The court stated that "the Offering Plan accurately described what Buyers were purchasing" and "Buyer's alleged reliance on [broker's] statements was not reasonable where statements were contradicted by the terms of the Offering Plan. Nothing in the contacts they subsequently signed obligated the Sponsor to convey to them an interest in exclusive use of the roof area." Id. at 4.

5

Similarly, Stokes' claim against Malley must be dismissed because the Contract and the Corporate Documents contradict the representations that Stokes alleges Malley made. As in Pappas, the Contract for the Premises and the Corporate Documents accurately described what Stokes was purchasing. The Contract explicitly stated that "Purchaser acknowledges having entered into this Contract without relying upon any promises, statements, representations, warranties, conditions or other inducements, express or implied, oral or written, not set forth herein."

Nothing in the Contract or the Corporate Documents represented or warranted that Stokes could rent any portion of the Premises as a retail space at any specified price. Thus, Stokes had no grounds for relying on such an alleged assertion, and his reliance is not reasonable as a matter of law.

C.  A party that has an arms length relationship with another has no duty to advise the other on the prudence of pursuing a deal.

"New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arms length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment." Jablonski v. Rapalje, 14 A.D.3d 484, 485 (2005); 788 N.Y.S.2d 158, 160-161. (see Platzman v. Morris, 283 A.D.2d 561, 562, (2001); 724 N.Y.S.2d 502; Glazer v. LoPreste, 278 A.D.2d 198, (2000); 717 N.Y.S.2d 256; London v. Courduff, 141 A.D.2d 803, 804 (1988); 529 N.Y.S.2d 874. To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor. Id. (see Platzman v. Morris, 283 A.D.2d at 562, (2001); 724 N.Y.S.2d at 502).

The Pappas court also held that the "Selling Agent Defendants and Buyers were engaged in an arms-length transaction, and Buyers provide no authority for the proposition that [seller's agent] owed a duty to correctly describe the legal use available for the roof area, particularly when Buyers had legal counsel to review the transaction." Id at 5.

Here, Malley represented the Sellers of the Premises, not Stokes. As the agent for the Sellers, Malley did not have a fiduciary duty to Stokes or any obligation to advise Stokes that he had a significant task ahead to get the additional portion of the Premises re-zoned to allow for retail use. Stokes claims that Malley "knew or should have known that the plaintiff would not be able to obtain such tenants and therefore could not financially comply with the terms of the deal and would eventually lose his deposit of $250,000.00." As an agent of the Seller of the Premises, Malley did not have a duty to advise Stokes on the prudence of pursuing this transaction or whether he possessed the financial means for doing so.

It was the duty of Stokes to conduct his own diligence and to rely upon his own agents, such as his attorney, to review the Contract, the Corporate Documents and his finances to ensure that the Premises and the terms of the deal were consistent with his intended use and that Stokes could afford to enter into the transaction. Stokes' failure to conduct the proper due diligence was not the fault or the responsibility of Malley. As agreed in ¶5 of the Contract, Stokes had examined and accepted the Corporate Documents or "**assume[ed] the risk of not having examined**" the Corporate Documents. Furthermore, Stokes represented in ¶31.1.1 of the Contract that "Purchaser has and will at Closing have, available unencumbered cash and cash equivalents

7

(including publicly traded securities) in a sum at least equal to (and having a then current value of) the Balance" and in ¶31.1.2 that "Purchaser has and will at the immediately following the Closing have, a positive net worth." If Stokes could not afford the premises as now claimed, then he, not Malley, made a misrepresentation and Malley had neither a duty to advise Stokes nor a duty to verify the accuracy of his claim to be financially capable of handling the transaction.

## CONCLUSION

For the reasons set forth above, this action should be dismissed as to Malley.

Dated: New York, New York
June 24, 2008

WROBEL & SCHATZ LLP

By: _____
David C. Wrobel, Esq. (DW 5242)
Attorney for Defendants
1040 Avenue of Americas
11th Floor
New York, New York 10018
Tel: 212-421-8100

To: Joseph H. Neiman, Esq.
    Attorney for Plaintiff
    179-36 80th Road
    Jamaica Estate, New York 11432
    (201) 487-0061

8