UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————x
CHRISTIAN STOKES,

              Plaintiff,

vs.

RONALD LUSKER, MARILYN KOCHER LUSKER,
EBERT & ASSOCIATES, STEVEN EBERT, ESQ.,
ANDREWS BUILDING CORP., MALLEY GROUP,
ERIC MALLEY, 85-87 MERCER STREET
ASSOCIATES, INC.,

              Defendants.
——————————————————————x

**CIVIL ACTION NO. 08 CV 3667
(McMahon, J.)**

**ANSWER TO COMPLAINT**

       Defendants 85-87 MERCER STREET ASSOCIATES, INC. (the "Cooperative") and ANDREWS BUILDING CORP. ("Andrews", collectively referred to as "the Answering Defendants"), by their attorneys Cantor, Epstein and Mazzola, LLP, answer the Complaint dated April 14, 2008 ( the "Complaint") as follows:

1. Deny the allegations set forth in paragraph 1 of the Complaint.

2. Admit the allegations set forth in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Admit the allegations set forth in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Admit the allegations set forth in paragraph 12 of the Complaint.

13. The Answering Defendants repeat and re-allege that which is set forth in paragraphs 1 through 12 as if again set forth at length.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Deny allegations set forth in paragraph 21 of the Complaint, and refer the Court to the documents cited for their complete terms, context and contents.

22. Deny the allegation that the Answering Defendants conspired with any party in order to "wrongfully obtain the deposit money plaintiff made" in connection with the transaction, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint.

23. Admit that the Cooperative approved Plaintiff's application to purchase the apartment, and deny the balance of the allegations contained in paragraph 23 of the Complaint.

24. The Answering Defendants repeat and re-allege that which is set forth in paragraphs 1 through 23 as if again set forth at length.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. The Answering Defendants repeat and re-allege that which is set forth in paragraphs 1 through 25 as if set forth at length.

27. Deny the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. The Answering Defendants repeat and re-allege that which is set forth in paragraphs 1 through 28 as if set forth at length.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. The Answering Defendants repeat and re-allege that which is set forth in paragraphs 1 through 30 as if set forth at length.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

**FIRST:** The Complaint must be dismissed because it fails to state a cause of action against the Answering Defendants.

**SECOND:** The Complaint must be dismissed based upon documentary evidence.

**THIRD:** The Complaint must be dismissed because Plaintiff defaulted in his contractual obligations and breached the terms of the contract of sale.

**FOURTH:** The Complaint must be dismissed as Plaintiff has unclean hands.

**FIFTH:** The Complaint must be dismissed as the Cooperative has, at all times, acted pursuant to the business judgment rule.

**SIXTH:** The Complaint must be dismissed because the business judgment rule precludes granting Plaintiff the relief requested.

**SEVENTH:** The Complaint must be dismissed as the Cooperative has, at all times, acted within the legitimate, *bona fide* interests of the building.

**EIGHTTH:** The Complaint must be dismissed because Plaintiff failed to undertake due diligence in reviewing the relevant governing documents, regulations and policies of the Cooperative.

**NINETH:** The Complaint must be dismissed because the common law doctrine of *caveat emptor* precludes the Plaintiff from any recovery in this case.

**TENTH:** The Complaint must be dismissed because, assuming *arguendo*, that Plaintiff's allegations are true (which they are not), the Board has, at all times, acted within the scope of its authority and in conformance with its governing documents, rules, regulations and policies.

**ELEVENTH:** The Complaint must be dismissed because the Answering Defendants are not parties to the contract of sale which is subject to this litigation.

**TWELVETH:** The Complaint must be dismissed because the Answering Defendants have no privity with, or duty to, Plaintiff.

**THIRTEENTH:** The Complaint must be dismissed because Plaintiff did not plead conspiracy by the Answering Defendants against the Plaintiff with particularity.

**FOURTEENTH:** The Complaint must be dismissed because Plaintiff did not plead fraud with particularity.

**FIFTEENTH:** At all times, Andrews acted as an agent for a disclosed principle, within the scope of its agency and authority, and cannot be held liable to Plaintiff.

**WHEREFORE,** the Answering Defendants respectfully request that the Complaint be dismissed in its entirety, and that the Court grant the Answering Defendants costs, disbursements and such other and further relief as is just, proper and equitable.

Dated:   New York, New York
         June 25, 2008

                                  **CANTOR, EPSTEIN & MAZZOLA, LLP**
                                  *Attorneys for The Answering Defendants*

By: _____
     Bryan J. Mazzola (7970)
     49 West 37th Street
     New York, New York 10018
     212-768-4343