UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CHRISTIAN STOKES<br><br>          Plaintiff,<br><br>    vs.<br><br>RONALD LUSKER, MARILYN LUSKER,<br>EBERT & ASSOCIATES, STEVEN EBERT,<br>ESQ., ANDREWS BUILDING CORP.,<br>MALLEY GROUP, ERIC MALLEY, and<br>85-87 MERCER STREET ASSOCIATES,<br>INC.,<br><br>          Defendants. | 08 CIV 3667<br>(CM)(DFE) |

_____

**ADDENDUM TO MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO DISMISS OF
DEFENDANTS, RONALD LUSKER, MARILYN LUSKER,
EBERT & ASSOCIATES, STEVEN EBERT, ESQ. ERIC MALLEY
AND MALLEY GROUP**

                                             By:   Joseph H. Neiman, Esq.
                                                   179-36 80th Road
                                                   Jamaica Estate, NY 11432
                                                   (201) 487-0061
                                                   *Attorney for Plaintiff*

Joseph H. Neiman, Esq.
179-36 80th Road
Jamaica Estate, NY 11432
Tel: (201) 487-0061
*Attorney for Plaintiff, Christian Stokes*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CHRISTIAN STOKES, | 08 CIV 3667 |
| | (CM)(DFE) |
| Plaintiff, | |
| vs. | |
| RONALD LUSKER, MARILYN LUSKER, EBERT & ASSOCIATES, STEVEN EBERT, ESQ., ANDREWS BUILDING CORP., MALLEY GROUP, ERIC MALLEY, and 85-87 MERCER STREET ASSOCIATES, INC., | |
| Defendants. | |

_____

ADDENDUM TO MEMORANDUM OF LAW
IN OPPOSITION TO MOTIONS TO DISMISS OF
DEFENDANTS, RONALD LUSKER, MARILYN LUSKER, EBERT & ASSOCIATES,
STEVEN EBERT, ESQ. ERIC MALLEY AND MALLEY GROUP

The following addendum is offered as a clarification to the Memorandum of Law submitted in opposition to defendants' motions to dismiss. As a clarification for the Court, the defendants have used two basic doctrines in their papers for the proposition of dismissal. That being the Merger Doctrine along with the doctrine that one is bound by what he signs. While plaintiff in its papers in opposition to such motion has asked the court to deny defendants' requests for dismissal due to the nefarious scheme that plaintiff believes defendants were either tacitly involved or direct participants in, there is a second

2

separate and distinct allegation which plaintiff is making against defendants (other than Ebert) regarding defendants, Lusker's retainage of plaintiff's $250,000.00 deposit. The $250,000.00 deposit was retained by defendants, Lusker, because plaintiff failed to close on the subject premises. The contract provided that defendant Lusker was only entitled to retain the deposit if, and only if, plaintiff failed to close on the premises and plaintiff was approved by the co-op board as a purchaser. Plaintiff was approved to purchase the premises by the co-op board. Plaintiff's allegations regarding his approval are part and parcel of the entire scheme which plaintiff believes was designed to improperly retain his deposit but one which is also separate and apart from the fraudulent inducement claim.

      Paragraph 6.1 of the subject contract provides "This sale is subject to the unconditional consent of the Corporation". Since the only way defendant, Lusker was entitled to plaintiff's $250,000.00 was for plaintiff to obtain the corporation's unconditional consent, plaintiff has alleged, and is alleging that plaintiff's "unconditional approval" was obtained improperly either by defendant Lusker offering improper remuneration to those responsible for said approval or other improper consideration which should effectively nullify plaintiff's "unconditional approval". Plaintiff alleges separately and apart from the fraudulently inducement that the "unconditional approval" of the co-op board was obtained through improper fraudulent methods. That defendants, Lusker, 85-87 Mercer Street Associates, Andrews Building Corp. and Malley, upon information and belief, all acted in concert to obtain such fraudulent approval.

      Therefore, defendants' merger argument has absolutely nothing to do with the second part of plaintiff's claim regarding wrongful obtaining of its $250,000.00 deposit and the means by which said money was obtained.

Plaintiff, without adequate discovery at this juncture could not possibly raise the proper foundation for that which is needed to prove the above. Even if the Court was inclined to dismiss based on the merger clause, clearly, this separate distinct claim should at this juncture defeat any dismissal.

## CONCLUSION

For the reasons set forth herein, plaintiff requests the court incorporate plaintiff's Affirmation to its complaint or allow plaintiff leave to amend such complaint incorporating its affirmation and denying defendants' motions and for such other further relief as the court deems just and proper.

Dated: July 22, 2008
      Jamaica Estate, NY

                                  S/Joseph H. Neiman
                                  JOSEPH H. NEIMAN, Esq.
                                  Attorney for Plaintiff
                                  179-36 80th Road
                                  Jamaica Estate, NY 11432
                                  (201) 487-0061

To:    David C. Wrobel, Esq.
         Wrobel & Schatz LLP
         *Attorney for Defendants,*
         *Malley Group and Eric Malley*
         1040 Avenue of Americas
         11th Floor
         New York, NY  10018
         Tel: 212-421-8100

         Barry M. Karson, Esq
         Karson & Long, LLP
         *Attorney for Defendants,*
         *Ronald Lusker and Marilyn Lusker*
         600 Third Avenue, 15th Floor
         New York, NY  10016
         (212) 490-8026  ext. 141

Lauren Rockland, Esq.
Wilson Elser
*Attorney for Defendants*
*Ebert & Associates and Steven Ebert*
150 E 42nd Street
New York, NY  10017-5612
(212) 490-3000   ext. 2146

Joseph H. Neiman, Esq.
179-36 80th Road
Jamaica Estate, NY 11432
Tel: (201) 487-0061
*Attorney for Plaintiff, Christian Stokes*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CHRISTIAN STOKES<br><br>Plaintiff,<br><br>vs.<br><br>RONALD LUSKER, MARILYN LUSKER, EBERT & ASSOCIATES, STEVEN EBERT, ESQ., ANDREWS BUILDING CORP., MALLEY GROUP, ERIC MALLEY, and 85-87 MERCER STREET ASSOCIATES, INC.,<br><br>Defendants. | 08 CIV 3667<br>(CM)(DFE)<br><br><br>**AFFIRMATION OF<br>CHRISTIAN STOKES** |

---

Christian Stokes, hereby affirms the following under penalty of perjury:

1. I am Christian Stokes, plaintiff in the above-referenced matter.

2. I am a citizen of Ireland. I have been a citizen of Ireland since my birth and reside in Ireland. Although I do own property in other countries, my principal place of residence is Irland and I am not a citizen of the United States.

3. Prior to my entering into the negotiations regarding the purchase of the premises known as 85-87 Mercer Street, 15 shares, Eric Malley and Malley Group were retained by me as my real-estate broker in selling my apartment. Throughout the subject ordeal, they remained my broker. (See Exhibit A)

4. I also had a verbal agreement with Eric Malley that he would be the broker to rent out the premises that I was seeking to purchase (85-87 Mercer Street) and this was for commercial tenants. He assured me that getting a commercial tenant at the rent I needed to make the deal work would be easy.

5. I had several meetings with the Luskers, the sellers of the premises, who in fact told me that the premises would "make an ideal flagship store" which was my intention and is what Eric Malley told me could be done with the premises.

6. Prior to the signing of the contract, Ronald Lusker, Marilyn Lusker, Steven Ebert, Eric Malley and myself all met at Mr. Paul Peragine's office in Manhattan, who I was advised was the attorney for the Luskers[1]. During the meeting, it was sated clearly that the premises were to be used as a rental for a retailer. This was at least the third time the Luskers represented to me that the premises could be used for said purpose despite what they knew and yes what was in the co-op documents. Nonetheless, they went along with their scheme to dupe me out of a $250,000.00 deposit.

7. Annexed hereto as Exhibit B is an application which I should have been given at or prior to the signing of the contract. This application was not forwarded to me until several days after the signing of the contract at which time it was brought to my attention that in fact, as set forth in the application, the premises could not be rented to commercial tenants.

8. As a result, I refused to sign that portion of the application. Nonetheless, the co-op board still approved my application.[2] This is mind boggling. Clearly, a required document by the co-op board that is refused to be signed by the individual

---

[1] I was also advised that he, on a number of occasions, was Eric Malley and Malley's attorney.

[2] On my application, I indicated I was going to use the premises for commercial purposes.

2

whose signature is necessary should have led to me not being approved. As is alleged in my complaint, my approval by the co-op board in the wake of me not signing the subject document and my finances makes my approval highly suspect. It is believed that the Board and the Luskers and possibly Eric Malley were all in the scheme.

9. I never received the proprietary lease or any such documents and assumed that my attorney had and reviewed same.

10. Annexed hereto as Exhibit C is a copy of the retainer agreement that defendant Ebert had me sign regarding the return of my deposit money. It is odd that Ebert now claims that I should not be entitled to any deposit money simply because I signed the contract when in fact he was willing to represent me and take money from me to do same. What he did not tell me when he entered into Exhibit C was that perhaps he should not be the attorney in that matter since (a) he might be a witness and (b) I might have a claim against him.

11. As to the documents referenced in the contract, the proprietary lease and all of the other co-op documents, I never received them. Mr. Ebert was the only one that had them and Mr. Ebert knew I had never seen them and I relied upon Mr. Ebert reading them and advising me if there was anything in those documents that I needed to be aware of. He also knew from the inception of this deal that it was my intention to purchase the premises and rent it out to a commercial retailer. He knew this both from my discussions with him and at the meeting he attended along with Ronald Lusker, Marilyn Lusker, Eric Malley and myself and Mr. Paul Peragine.

12. Essentially, Mr. Ebert was negligent in not only advising me not to sign this contract, he was negligent in not giving me all of the co-op documents which

3

obviously were forwarded to him. He was negligent in not inquiring as to whether or not I read the proprietary lease or any other co-op documents referenced in the contract. He was negligent in not telling me what was in those documents that he should have read. He either was negligent in not telling me what was in those documents or in fact did not read the documents himself and was not aware what was in there. Either way, to claim that my lack of diligence is a defense for his negligence is preposterous. He knew I did not have any of those co-op documents because they were not given to me. At a minimum, he should have enquired of me whether or not I had seen those documents.

_____
CHRISTIAN STOKES

Affirmed this 21st day of July, 2008

Affidavit/Stokes

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| CHRISTIAN STOKES | 08 CIV 3667 |
| | (CM)(DFE) |
| Plaintiff, | |
| vs. | |
| RONALD LUSKER, MARILYN LUSKER, | **AFFIRMATION OF SERVICE** |
| EBERT & ASSOCIATES, STEVEN EBERT, | |
| ESQ., ANDREWS BUILDING CORP., | |
| MALLEY GROUP, ERIC MALLEY, and | |
| 85-87 MERCER STREET ASSOCIATES, | |
| INC., | |
| Defendants. | |

_____

Joseph H. Neiman, of full age, under oath, declares as follows:

1. I am a member of the Bar of the State of New York and am admitted to practice in the U.S. District Court for the Southern District of New York. I am the attorney for Plaintiff, and, therefore, have personal knowledge of the facts set forth below.

2. On this date, I caused to be filed with this Court via electronic filing the following documents:

   a. Memorandum Of Law In Opposition to Motion to Dismiss of defendants, Ronald Lusker, Marilyn Lusker, Ebert & Associates, Steven Ebert, Esq., Eric Malley and Malley Group;

   b. Affirmation of Christian Stokes;

   c. Affirmation of Service

3. On this date, as a result of the electronic filing, all counsel of record have received notice of and an opportunity to be served with the aforementioned documents. To the extent any counsel of record is not registered to receive electronic mail, a copy of the aforementioned documents will be served upon such counsel via regular mail.

- 2 -

      I certify that the foregoing statements made by me are true.  If any of the above statements made by me are willfully false, I may be subject to punishment

Affirmed this 21st day of July, 2008

                                       <u>S/Joseph H. Neiman       </u>
                                       Joseph H. Neiman, Esq.,
                                       179-36 80th Road
                                       Jamaica Estate, NY 11432
                                       (201) 487-0061
                                       *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CHRISTIAN STOKES | 08 CIV 3667 (CM)(DFE) |
| Plaintiff, | |
| vs. | |
| RONALD LUSKER, MARILYN LUSKER, EBERT & ASSOCIATES, STEVEN EBERT, ESQ., ANDREWS BUILDING CORP., MALLEY GROUP, ERIC MALLEY, and 85-87 MERCER STREET ASSOCIATES, INC., | **AFFIRMATION OF SERVICE** |
| Defendants. | |

_____

Joseph H. Neiman, of full age, under oath, declares as follows:

1. I am a member of the Bar of the State of New York and am admitted to practice in the U.S. District Court for the Southern District of New York. I am the attorney for Plaintiff, and, therefore, have personal knowledge of the facts set forth below.

2. On this date, I caused to be filed with this Court via electronic filing the following documents:

   a. Addendum to Memorandum Of Law In Opposition to Motion to Dismiss of defendants, Ronald Lusker, Marilyn Lusker, Ebert & Associates, Steven Ebert, Esq., Eric Malley and Malley Group;

   b. Affirmation of Christian Stokes;

   c. Affirmation of Service

3. On this date, as a result of the electronic filing, all counsel of record have received notice of and an opportunity to be served with the aforementioned documents. To the extent any counsel of record is not registered to receive electronic mail, a copy of the aforementioned documents will be served upon such counsel via regular mail.

- 2 -

      I certify that the foregoing statements made by me are true.  If any of the above statements made by me are willfully false, I may be subject to punishment

Affirmed this 22nd day of July, 2008

                <u>S/Joseph H. Neiman</u>          
                Joseph H. Neiman, Esq.,
                179-36 80th Road
                Jamaica Estate, NY 11432
                (201) 487-0061
                *Attorney for Plaintiff*