UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CHRISTIAN STOKES,                                     :          Index No.: 08 CV 3667
                                                      :              (CM) (DFE)
                                      Plaintiff,      :
             -against-                                :
                                                      :
RONALD LUSKER, MARILYN KOCHER LUSKER, :
EBERT & ASSOCIATES, STEVEN EBERT, ESQ., :
ANDREWS BUILDING CORP., MALLEY GROUP, ERIC :
MALLEY, 85-87 MERCER STREET ASSOCIATES, INC., :
                                                      :
                                      Defendants. :

-----------------------------------------------------------------------X

# MEMORANDUM OF LAW IN
## SUPPORT OF THE COOPERATIVE DEFENDANTS' MOTION
## FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)

CANTOR, EPSTEIN & MAZZOLA, LLP
*Attorneys for the Cooperative Defendants*
49 West 37th Street
New York, New York 10018
(212) 768-4343

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ……………………………………………………………1

**STATEMENT OF FACTS** ……………………………………..…………………………..3

**ARGUMENT**

**POINT I** ……………………………………....……………………………………….....4

**THE COMPLAINT IS BARRED BY THE CONTRACT'S TERMS**

**POINT II** ………………………………………………………………………..……….5

**PLAINTIFF'S FRAUD AND CONSPIRACY CLAIMS
FAIL AS A MATTER OF LAW**

**POINT III** ………………………………………………………………………..………7

**THE COOPERATIVE DEFENDANTS
OWED NO DUTY TO THE PLAINTIFF**

**POINT IV**.………………………………………………………………………..………9

**ANDREWS MUST BE DISMISSED AT IT AT ALL TIMES
ACTED AS AN AGENT FOR A DISCLOSED PRINCIPAL**


**CONCLUSION** ………………………………………………………………………..…….11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrahami v. UPC Construction Co. Inc.*, 224 AD2d 231, 638 NYS2d 11 (1st Dep't 1996) ..........9

*Carnegie v. H & R Block, Inc.*, 269 AD2d 145, 703 NYS2d 27 (1st Dept. 2000) .........................7

*Crimmins v. Handler & Co.*, 249 AD2d 89, 92, 671 NYS2d 469 (1st Dep't 1998) .....................10

*Fresh Meadow Food Service, LLC., v. RB 175 Corp.*, 2008 WL 256673 (2d Cir.). .......................3

*George Cohen Agency, Inc. v. Donald S. Perlman Agency, Inc.*, 114 AD2d 930, 495 NYS2d 408

(2d Dept. 1985)..................................................................................................................7

*Henneberry v. Sumitomo Corp. of America,* 415 F.Supp.2d 423, (SDNY 2006) ...........................5

*Ittleson v. Lombardi*, 193 AD2d 374, 596 NYS2d 817 (1st Dept. 1993)........................................8

*J.A.O. Acquisition Corp. v. Stavistky*, 18 AD3d 389, 795 NYS2d 569 (1st Dept 2005).................5

*Levine v. Yokell*, 245 AD2d 138, 665 NYS2d 962 (1st Dept. 1997)............................................7,8

*Luce v. Edelstein,* 802 F2d 49, 54 (2d Cir. 1986)............................................................................6

*Mencher v. Weiss*, 306 N.Y. 1, 4 (1953) .......................................................................................10

*Paganuzzi v. Primrose Mgmt. Co.*, 268 AD2d 213, 214, 701 NYS2d 350 (1st Dep't 2000)........10

*Pasqualini v. Mortgage IT, Inc. ,* 498 F.Supp.2d 659 (SDNY 2007)...............................................6

*Platzman v. Morris*, 283 AD2d 561, 562, 724 NYS2d 502 (2d Dep't 2001)..................................6

*Pulka v. Edelman*, 40 NY2d 781, 782, 390 NYS2d 393 (1976) ..................................................7,8

*Robb v. 423 Broome Street Corp.*, Supreme Court, New York County, Index Number 123034/97

.........................................................................................................................................8

*Simon v. Castello,* 172 FRD 103, 105 (SDNY 1997)......................................................................6

*United States ex rel. Phipps v. Comprehensive Community,* 152 F.Supp.2d 443 (SDNY 2001)....5

**Statutes**

CPLR 3016(b)..........................................................................................................5

FRCP 12(c) .............................................................................................................1

FRCP R.12(b)(6) .....................................................................................................3

FRCP R.9(b)............................................................................................................5

Real Property Law, §460, *et seq* ...........................................................................9

**Other Authorities**

60A NY Jur.2d FRAUD AND DECEIT § 16 .................................................................7

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendants 85-87 Mercer Street Associates, Inc. (the "Cooperative") and its managing agent, Andrews Building Corporation ("Andrews", together with the Cooperative referred to as the "Cooperative Defendants") in support of their motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(c).

At bar, plaintiff Christian Stokes ("Stokes") sought to purchase unit 1R, including the North Gallery and westerly 2/3 of cellar (the "Unit") within the Cooperative from the Luskers for $14 million.[1] Toward this end, he executed a March 30, 2007 contract of sale for the Unit (the "Contract") and deposited $250,000 as an initial down payment. Thereafter, Stokes backed out of the deal and forfeited his down payment. He now brings suit against among others, the Cooperative Defendants, to recover his down payment asserting various tenuous legal theories through which he seeks to shift blame for failure of the purchase to be completed from himself to a host of others [a copy of the complaint and answer are annexed respectively as Exhibits "A" and "B" to the accompanying July 30, 2008 affirmation of Bryan J. Mazzola].

As is relevant to the Cooperative Defendants and from the best that can be discerned from the pleadings (which are unclear), after contracting with the Luskers, Stokes submitted a purchase application to the Cooperative's board for approval and because it was approved, he claims that the Cooperative Defendants did so to either defraud him or in conspiracy with the Luskers to allow them to keep the down payment.

As will be demonstrated below, the complaint has absolutely no merit and must be

---

[1]  Co-defendants Ronald Lusker and Marilyn Kocher Lusker will be referred to herein as the "Luskers"; Ebert & Associates and Steven Ebert will be referred to as the "Ebert Defendants"; and Malley Group and Eric Malley will be referred to as the "Malley Defendants".

dismissed. First and foremost, the claims are precluded by the plain terms of the Contract. This argument has been exhaustively briefed by the co-defendant Luskers, the Ebert Defendants and the Malley Defendants and accordingly will not be detailed further herein. Rather, the Cooperative Defendants adopt and join in those arguments as already set forth in those parties' respective motions' to dismiss.[2]

Next, to the extent that this Court looks beyond the Contract's terms, the allegations pleaded against the Cooperative Defendants (the First and Third claims) are fact-less and generic and fall short of the heightened pleading standard necessary to properly maintain such claims.

Stokes theories, even if properly pleaded, still fail as against the Cooperative Defendants who were not parties to the Contract and owed absolutely no duty to Stokes. Without a duty, there is no legal basis by which Stokes can shift blame to them for his admitted failure to perform his own due diligence and review the relevant documents. Finally, as to Andrews, it has acted at all times as an agent for a disclosed principal and there are no allegations (nor can there be) that it acted outside the scope of its authority.

For all of the foregoing reasons, judgment on the pleadings dismissing the Complaint in its entirety against the Cooperative Defendants is warranted.

---

2  *see*, Luskers' motion to dismiss, dated June 19, 2008; the Malley Defendants' motion to dismiss, dated June 23, 2008; and the Ebert Defendants' motion to dismiss, dated July 10, 2008.

## STATEMENT OF FACTS

This motion is made pursuant to FRCP R.12(c) and for the sole purposes herein, the facts asserted in the Complaint will be deemed as true.[3]

The only other facts detailed are those ascertained from the relevant documents.

Plaintiff Christian Stokes is a real estate investor who sought to purchase property in New York City [Exhibit "A" ¶14]. Toward this end, he retained Eric Malley of the Malley Group, who showed him the Unit in or about March 2007 [Exhibit "A" ¶¶ 15-16]. At that time, Stokes was advised that he could expect that the Unit would generate approximately $1.1 million annual commercial rent, which would cover his mortgage payments [Exhibit "A" ¶ 17].

Interested in purchasing the Unit, Stokes retained Steven Ebert, Esq. and informed Ebert that the only way he could afford the Unit would be to rent it to a commercial retailer [Exhibit "A" ¶¶ 19-20]. Thereafter, Stokes contracted with the Luskers to purchase the Unit for $14 million [the "Contract", annexed as Exhibit "C"]. In accordance with the Contract's terms, he put down an initial deposit of $250,000 and was to close on or before October 7, 2007, time being of the essence [Exhibit "C" at ¶ 1.16, 46 - 47].

Stokes also prepared and submitted a May 21, 2007 purchase application to the Cooperative's board for its review [the "Application", annexed as Exhibit "D"]. Two months later the Cooperative notified Stokes of its approval [a copy of the Cooperative's July 27, 2007 approval letter is annexed as Exhibit "E"].

Apparently, sometime after being approved, Stokes claims to have learned for the first time that the Unit's use was restricted by the Cooperative's governing documents, including its

---

3 A motion pursuant to FRCP R.12(c) is analyzed under the same standard as is applied to a 12(b)(6) motion, *Fresh Meadow Food Service, LLC., v. RB 175 Corp.*, 2008 WL 256673 (2d Cir.).

3

by-laws, and that he could not rent the space commercially as he envisioned [Exhibit "A" ¶ 21]. Accordingly, Stokes decided not to purchase the Unit and cancelled the contract [a copy of Stokes' August 1, 2007 letter is annexed as Exhibit "F"].   This, despite the clear terms of the Contract reflecting his agreement that he examined and was satisfied with, or assumed the risk of not having examined, the Cooperative's governing documents and that he was not relying on any representations not contained within the Contract [Exhibit "C" ¶¶ 5, 14, 35(B)].

Significantly, there are no allegations that either the Cooperative or Andrews were parties to the contract - - they were not - - or that a duty existed between Stokes and the Cooperative Defendants - - none did.

Based on the foregoing, Stokes alleges in both the first and third causes of action that the Cooperative Defendants defrauded him or negligently approved his Application despite knowing that he could not afford the Unit.  Alternatively, Stokes alleges that the Cooperative Defendants conspired with the Luskers to allow them to retain his deposit.

**ARGUMENT**

**POINT I**

**THE COMPLAINT IS BARRED BY THE CONTRACT'S TERMS**

The Cooperative Defendants hereby adopt the arguments more fully set forth in the respective motions to dismiss submitted by the co-defendant Luskers [Point I, p.6; Point II, p.8]; the Malley Defendants [Point B, p.5; Point C, p.6]; and the Ebert Defendants [Point I, p.8], and the supporting papers upon which they are based.

## POINT II

## PLAINTIFF'S FRAUD AND CONSPIRACY CLAIMS
## FAIL AS A MATTER OF LAW

In order to spell out a claim for fraud, one must establish: (a) a material misrepresentation

or omission of a material fact; (b) knowledge of its falsity; (c) an intent to defraud; (d)

reasonable reliance; and (e) actual damages as a result of such reliance, *Henneberry v. Sumitomo*

*Corp. of America,* 415 F.Supp.2d 423, (SDNY 2006); *J.A.O. Acquisition Corp. v. Stavistky*, 18

AD3d 389, 795 NYS2d 569 (1st Dept 2005).[4]

FRCP R.9(b) further provides: "in all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity", *see also*, CPLR 3016(b);

*Stavistky*, *supra*, 18 AD3d 389. To meet this heightened standard, a plaintiff must plead factual

allegations identifying the specific statements alleged to be fraudulent, identify who made the

statement, state where and when it was made and why the statement was fraudulent, *Henneberry,*

*supra,* 415 F.Supp.2d 423; *United States ex rel. Phipps v. Comprehensive Community,* 152

F.Supp.2d 443 (SDNY 2001). A failure to do so will result in dismissal of the fraud claim.

At bar, Stokes alleges against the Cooperative Defendants only that:

(a)     defendants/sellers Lusker "… conspired with 85-87 Mercer Street Associates Inc.
        and Andrews Building Corp. in order to wrongfully obtain the deposit money …",
        [Exhibit "A" ¶ 22];

(b)     that "[t]he coop board, 85-87 Mercer Street Associates, Inc. approved the plaintiff
        to purchase the unit despite the fact that it knew that Plaintiff could not financially
        undertake the transaction", [Exhibit "A" ¶ 23]; and

(c)     that "…Andrews Building Corp. knew plaintiff could only financially complete
        the transaction if plaintiff could put in a commercial retailer", [Exhibit "A" ¶27].

---

4     ¶ 22 of the Contract dictates that New York law governs any disputes arising from the
Contract.

Stokes entirely fails to set forth any detailed allegations sufficient to meet his evidentiary burden. For example, he fails to state what misrepresentation was made to him by the Cooperative Defendants; who, in particular, made the misrepresentation; what material fact was misrepresented; and to whom any purported misrepresentation was made. Moreover, he has not alleged with specificity what alleged misrepresentation he relied on, *Simon v. Castello,* 172 FRD 103, 105 (SDNY 1997)(conclusory allegations of fraud are insufficient); *Luce v. Edelstein,* 802 F2d 49, 54 (2d Cir. 1986) (fraud claim dismissed as plaintiff failed to specify the fraud perpetrated by each defendant).

Indeed, Stokes cannot show any misrepresentation of material facts. The thrust of his claim is that he was unaware that the entire Unit could not have been rented commercially. However, ¶ 5 of the contract specifically states that "[p]urchaser has examined and is satisfied with, or (…) accepts and assumes the risk of not having examined, the Lease, the Corporation's Certificate of Incorporation, By-laws, House Rules….".

Based on these terms, no fraud can be found. As stated by the Appellate Division, Second Department: "the contract contained a provision that the plaintiffs were fully aware of the condition of the premises based upon their own inspection and investigation, and not based upon any information or representations, written or oral, made by the sellers, the plaintiffs cannot claim fraud", *Platzman v. Morris*, 283 AD2d 561, 562, 724 NYS2d 502 (2d Dep't 2001).

Turning to plaintiff's civil conspiracy claim, his pleadings are similarly deficient. In order to properly plead civil conspiracy, a plaintiff must allege "an underlying tort" as New York does not recognize an independent tort for civil conspiracy, *Pasqualini v. Mortgage IT, Inc. ,* 498 F.Supp.2d 659 (SDNY 2007). At bar, without fraud there can be no conspiracy.

6

Based on the foregoing, it is respectfully submitted that the complaint as against the Cooperative Defendants be dismissed in its entirety.

## POINT III

### THE COOPERATIVE DEFENDANTS
### OWED NO DUTY TO THE PLAINTIFF

The *sine qua non* of Stokes' claims against the Cooperative Defendants - - sounding in negligence and fraud - - is that they owed him a duty, 60A NY Jur.2d FRAUD AND DECEIT § 16. As explained by the Court of Appeals in *Pulka v. Edelman*, 40 NY2d 781, 782, 390 NYS2d 393 (1976):

> It is well established that before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 342; see, also, 1 Shearman and Redfield, Negligence [Rev ed], §§ 4, pp 10- 11). In the absence of duty, there is no breach and without a breach there is no liability *(Kimbar v Estis,* 1 NY2d 399, 405). This requirement is expressed in the often-quoted remark: "Negligence in the air, so to speak, will not do" (Pollock, Torts [13th ed], p 468).

Accord: *Carnegie v. H & R Block, Inc.*, 269 AD2d 145, 703 NYS2d 27 (1st Dept. 2000) (absent a relationship of trust and confidence, no fiduciary obligation exists); *Levine v. Yokell*, 245 AD2d 138, 665 NYS2d 962 (1st Dept. 1997) (motion to dismiss fraud claim granted in the absence of a confidential relationship between the parties); *George Cohen Agency, Inc. v. Donald S. Perlman Agency, Inc.*, 114 AD2d 930, 495 NYS2d 408 (2d Dept. 1985)(without a special relationship between two parties to a contract, no duty of disclosure exists).

At absolutely no time was a duty created between the Cooperative Defendants and Stokes, a non-shareholder, *Levine, supra*, 245 AD2d 138. Throughout the entire period detailed in the complaint, they were complete strangers to each other. Thus, any alleged failure of the

Cooperative to disclose any information pertaining to use of the Unit cannot form, as a matter of law, the basis upon which to recover damages. Similarly, there can be no claim that the Cooperative negligently approved the Application that Stokes - - himself - - submitted for the Cooperative's approval.

This issue was addressed in New York State Supreme Court in *Robb v. 423 Broome Street Corp.*, Supreme Court, New York County, Index Number 123034/97, June 19, 1998 (Huff, J.; copy annexed as Exhibit "G"). In *Robb*, plaintiffs purchased an apartment in a mixed-use building. They asserted that prior to their purchase, the cooperative deliberately failed to disclose that the apartment above was used as a furniture factory from which loud noises emanated. Plaintiffs sued after they purchased, asserting that the cooperative had a duty to inform them of the noise, based *inter alia* upon questions they asked by prior to purchase. The Court dismissed plaintiffs' claims for fraud, breach of fiduciary duty and negligent misrepresentation finding that the cooperative had no duty to plaintiffs prior to them becoming shareholders, *Robb* at pp. 3 – 4 ("Since defendants had no duty to plaintiffs under the contract, this is an insufficient basis for any action against defendants for fraud"); *see also Levine*, 245 AD2d 138.

Moreover, even if the Cooperative Defendants did owe a duty to Stokes, the Complaint must still be dismissed because it is well settled that:

> [w]here a party had means available to him for discovering, 'by the exercise of ordinary intelligence', the true nature of a transaction he is about to enter into, 'he must make use of those means or he will not be heard to complain that he was induced to enter into the transactions by misrepresentations' (citations omitted)

*Ittleson v. Lombardi*, 193 AD2d 374, 596 NYS2d 817 (1st Dept. 1993).

In *Platzman, supra,* 283 AD2d at 562, the court addressed the issue of whether a seller

was required to disclose that the dwelling's multiple kitchens were a violation of local zoning ordinances. The complaint was dismissed for failure to state a cause of action in fraud as it was the purchaser's own obligation to perform due diligence, *see also*, *Abrahami v. UPC Construction Co. Inc.*, 224 AD2d 231, 638 NYS2d 11 (1st Dep't 1996); (*cf.* Real Property Law, §460, *et seq*, which is not applicable to cooperatives, §461(5))

At bar, there can be no question that Stokes failed to do his due diligence and this is not disputed. On p. 2 of Stokes' July 21, 2008 memorandum of law in opposition to motion to dismiss of defendants, [Luskers, Malley Defendants, and Ebert Defendants], it is in fact stated:

> "[Stokes] readily admits signing the agreement and that he failed to adequately review both the proprietary Lease and the Co-operative Offering Plan".

As a result of Stokes' own inaction, he cannot now complain that the Cooperative Defendants have somehow wronged him.

## POINT IV

### ANDREWS MUST BE DISMISSED AT IT AT ALL TIMES ACTED AS AN AGENT FOR A DISCLOSED PRINCIPAL

It is axiomatic that an agent for a disclosed principal cannot be held liable to third-parties for nonfeasance. As the Appellate Division, First Department has stated:

> It has long been an established rule of law that the agent is not liable to third parties for non-feasance but only for affirmative acts of negligence or other wrong. The reason is clear. Unless the agent has assumed authority and responsibility, as if her were acting on his own account, then the duty which the agent fails to perform is a duty owning only to his principal and not to the third party to whom he has assumed no obligation, *Pelton v. 77 Park*

*Ave. Condominium*, 38 A.D.3d 1, 11, 825 N.Y.S.2d 28, 35 (1st Dep't 2006)(*emphasis supplied*, internal quotes and citations omitted).

Thus, no liability will be found absent clear and explicit evidence that the managing agent intended to make itself personally bound, *see Mencher v. Weiss*, 306 N.Y. 1, 4 (1953) ("where there is a disclosed principal-agent relationship . . . , the agent will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal"); *Crimmins v. Handler & Co.*, 249 AD2d 89, 92, 671 NYS2d 469 (1st Dep't 1998) (disclosed managing agent for landlord is not liable for alleged rent overcharge); *Paganuzzi v. Primrose Mgmt. Co.*, 268 AD2d 213, 214, 701 NYS2d 350 (1st Dep't 2000) (where tenant brought action against landlord and managing agent to enforce fair market rent appeal order, the Court dismissed action as against the managing agent because it always "acted as an agent for a disclosed principal").

Stokes Complaint does not allege (nor could it credibly) that either Andrews or the Cooperative ever intended Andrews to be personally and separately bound for any of its actions taken on behalf of the Cooperative. Given that Andrew's status as the Cooperative's agent is undisputed, the claims against Andrews are completely without merit. Accordingly, for this additional reason, the motion should be granted and the action should be dismissed as against Andrews.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the complaint be dismissed in its entirety against the Cooperative Defendants, and that the Court grant such other and further relief as to is just, proper and equitable.

Dated: New York, New York
      July 30, 2008

**CANTOR, EPSTEIN & MAZZOLA, LLP**
*Attorneys for the Cooperative Defendants*

By:_____/S/ Bryan J. Mazzloa_____
        Bryan J. Mazzola (7970)
     49 West 37th Street
     New York, New York 10018
     (212)768-4343

11