WROBEL & SCHATZ LLP
1040 AVENUE OF THE AMERICAS
11TH FLOOR
NEW YORK, NEW YORK 10018
TEL: 212-421-8100
*Attorneys for Defendants Eric Malley and Malley Group*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHRISTIAN STOKES,

                Plaintiff,

            -against-

RONALD LUSKER, MARILYN LUSKER,
EBERT & ASSOCIATES, STEVEN EBERT, ESQ.,
ANDREWS BUILDING CORP., MALLEY GROUP,
ERIC MALLEY, and
85-87 MERCER STREET ASSOCIATES, INC.,

                Defendants.

------------------------------------------------------------X

Case No. 08 CIV 3667
(CM) (DFE)

MEMORANDUM OF LAW IN
FURTHER SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS

MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT

PRELIMINARY STATEMENT

Defendants Eric Malley and Malley Group (collectively, "Malley") respectfully submit this Memorandum of Law in further support of their Motion to Dismiss the Complaint of plaintiff Christian Stokes ("Stokes").

1

<u>ARGUMENT</u>

In response to Malleys' Memorandum of Law in support of their Motion to Dismiss, Stokes argues, for the first time, that Malley represented Stokes in a fiduciary capacity by virtue of the fact that Malley represented Stokes in a completely separate, unrelated transaction. Stokes' argument rests on the misplaced legal argument that an agent in one transaction has a general fiduciary duty to the principal in *all* transactions. Stokes cites no cases for this proposition, which is contrary to established law.

I. TO THE EXTENT MALLEY HAD A FIDUCIARY DUTY TO STOKES, IT WAS LIMITED TO A SEPARATE, UNRELATED TRANSACTION AND DID NOT IMPOSE A FIDUCIARY DUTY ON MALLEY TO THE TRANSACTION AT ISSUE.

Under New York law, the fiduciary obligation of an agent is limited to the scope of the fiduciary's agency. In the case of <u>Dubbs v. Stribling & Associates</u>, 274 A.D.2d 32, 37 (App. Div. 1st Dept. 2000), plaintiffs sued their real estate brokers, who they had retained to sell their apartment, for breach of fiduciary duty. Plaintiffs, in the course of trying to sell their apartment through defendants, sought to purchase a neighboring apartment, but were unsuccessful in doing so. After one of the defendants purchased plaintiffs' apartment -- and then proceeded to purchase the neighboring apartment as well -- plaintiffs filed suit, claiming "breach of fiduciary duty". The court held that a broker who contracts to purchase a client's apartment does not owe a continuing fiduciary duty to that client, notwithstanding that the broker continues to assist the principal (as a buyer) in a subsequent transaction.

The court noted that "defendants were hired to find a purchaser for plaintiffs' apartment," which they did. <u>Id</u>. (citations omitted). "The imposition of fiduciary duties… seeks to assure that the principal may rely on the undivided fidelity of a broker

2

throughout the transaction *for which the broker was employed.*" Id. (citations omitted) (emphasis added). Once the plaintiff and defendant entered into a purchase agreement for plaintiffs' apartment, the fiduciary relationship for that transaction ended. With regards to defendants' assistance to plaintiffs in finding a new apartment, the court explained that "defendants were not plaintiffs' broker. Rather, defendants were acting on behalf of the sellers of these other apartments, who would pay their commission. Thus, no fiduciary duty ran to plaintiffs." Id. at 41. [A]ny fiduciary duties extended only to that specific employment." Id.

In other contexts, courts have reiterated this rule of agency law. "In those circumstances in which a broker is deemed to owe a fiduciary duty to a customer, that duty does not extend beyond the specific 'scope of affairs entrusted to the broker,' which are 'generally limited to the completion of a transaction.'" Davantzis v. Painewebber Incorporated, 2001 WL 1423519, 2 (Sup. Ct. Nassau County 2001).

Assuming arguendo that Malley owed a fiduciary duty to Stokes in the sale of Stokes' apartment, such duty pertained only to that specific transaction. The duty did not extend to a completely separate and unrelated transaction in which Malley very clearly represented the seller.

II.     STOKES FAILED TO UNDERTAKE DUE DILIGENCE THAT WOULD HAVE REVEALED CLEARLY AVAILABLE INFORMATION AND STOKES IGNORED THE MERGER CLAUSE IN THE CONTRACT.

Even if Malley were a fiduciary to Stokes, as Malley's first Memorandum of Law and accompanying Affidavit explained, Stokes failed to undertake the due diligence that would have revealed any and all limitations on the Property. The documents available to Stokes and his attorney for review made clear what he was purchasing and the restrictions

on the use of the Premises. Furthermore, the contract contained a merger clause and other disclaimers that precluded Stokes from claiming he relied upon any statements external to the contract – including those of a fiduciary.

Stokes' opposition papers do not deny that these documents were available. Rather, Stokes blames his attorney for not previously reviewing the cooperative documents, which clearly disclosed the need to re-zone the Property to effectuate Stokes' intended use. Furthermore, Stokes concedes that the Contract contained a general merger clause, but asks this Court to ignore that clause along with the well-established line of cases upholding such clauses.

Stokes cannot claim to have justifiably relied upon a statement allegedly made by Malley when the Contract and all of the Corporate Documents disclaimed the alleged representations. The caselaw clearly holds that where a contract contains a merger clause, any purported reliance on prior oral representations is "not reasonable as a matter of law." See Petrello v. White, 412 F.Supp.2d 215, 228 (E.D.N.Y. 2006).

## CONCLUSION

For the reasons set forth above, this action should be dismissed as to Malley.

Dated: New York, New York  
     July 31, 2008

WROBEL & SCHATZ LLP

By: _____  
David C. Wrobel, Esq. (DW 5242)  
Attorney for Defendants  
1040 Avenue of Americas  
11th Floor  
New York, New York 10018  
Tel: 212-421-8100

4

To: Joseph H. Neiman, Esq.
   Attorney for Plaintiff
   179-36 80th Road
   Jamaica Estate, New York 11432
   (201) 487-0061

To: Barry M. Karson, Esq.
   Karson & Long, LLP
   Attorneys for Defendants
   Ronald and Marilyn Lusker
   600 Third Avenue, 15th Floor
   New York, New York 10016
   (212) 490-8413

To: Thomas W. Hyland, Esq.
   Lauren J. Rocklin, Esq.
   Wilson, Elser, Moskowitz, Edelman & Dicker LLP
   Attorneys for Defendants
   Ebert & Associates and Steven Ebert, Esq.
   150 East 42nd Street
   New York, New York 10017-5639
   (212) 490-3038