*Joseph H. Neiman*

ATTORNEY AT LAW
39 HUDSON STREET
HACKENSACK, NEW JERSEY 07601
TEL: (201) 487-0061
FAX:(201) 883-0767
E-MAIL j.neiman@verizon.net

MEMBER NJ & NY BAR                                                                 NEW YORK OFFICE
                                                                                   _____

                                                                       179-36 80TH ROAD
                                                                       JAMAICA ESTATE, NEW YORK 11432

August 5, 2008

**VIA ECF & FACSIMILE NO. (212) 805-6326**

Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

      RE:    Christian Stokes vs. Ronald Lusker, et als.
               Civil Action No. 08 Civ. 3667 (CM)(DFE)

Dear Judge McMahon:

      Please accept this letter brief (along with plaintiff's prior submission) in lieu of a more formal brief in opposition to Defendants' Motions to Dismiss the Complaint.

      All of the defendants in the above-mentioned matter, accept for Ebert & Associates and Steven Ebert, have taken the position that because plaintiff signed the subject Contract, plaintiff is barred from claiming any type of inducement fraud, etc. However, even if the court were to hold plaintiff cannot maintain the inducement fraud claim by the various defendants because of the signed contract, there is a second part to defendant's nefarious scheme which is in no way affected by the signed contract. An important and necessary part to the defendants' scheme was the approval of plaintiff as a purchaser by the corporate defendants. But for said approval by the co-op board and cooperative defendants, plaintiff's deposit would have been returned and the subject action would not be before this court. Plaintiff maintains that plaintiff's approval by the board was the continuation of the nefarious scheme of sellers, Ronald Lusker and Marilyn Lusker with the aid of the co-op board. Plaintiff's approval is more than dubious in that plaintiff refused to sign an acknowledgment application which was required by the

Honorable Colleen McMahon
August 5, 2008
Page Two


co-op (see plaintiff's prior submission) and, further, the co-op board was fully familiar with what plaintiff intended to do with the premises and knew that plaintiff could not possibly do what it was advised plaintiff would in fact undertake, ie. the leasing of the premises to a commercial tenant.   Upon information and believe, Lusker, either through monetary bribery or other nefarious means, secured various members of the board in order to obtain such approval.  At this juncture, a 12(b)(6) dismissal cannot be maintained by defendants because if the allegations are true, said allegations would clearly be actionable.

        Respectfully Yours,

        s/Joseph H. Neiman

        Joseph H. Neiman

JHN:djb

Cc: David Wrobel, Esq. (Via ECF and Fax # 212-421-8170)
   Barry M. Karson, Esq. (Via ECF and Fax # 212.490.8413)
   Lauren Rockland, Esq. (Via ECF and Fax # 212.490.3038)
   Edmond P. O'Brien, Esq. (Via ECF and Fax # 212.681.4041)