# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 E. 42nd Street, New York, New York 10017  Tel: (212) 490-3000  Fax: (212) 490-3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/7/08

August 5, 2008

**MEMO ENDORSED**

8/7/08
The Court accepts Plaintiff's submission as his Reply to dft's motion. No more submissions.

/s/ Colleen McMahon

VIA FACSIMILE
Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 640
New York, NY 10007

Re: Christian Stokes v. Ronald Lusker, et.al.
Index no. 08 Civ. 3667 (CM) (DFE)

Dear Judge McMahon:

We are counsel for defendants Ebert & Associates and Steven Ebert, Esq. ("Ebert") and submit this correspondence in response to the letter of Joseph Neiman, Esq., dated August 5, 2008, on behalf of plaintiff Christian Stokes ("August 5th letter").[1]

In the first instance, Mr. Neiman's August 5th letter should be disregarded as an unauthorized sur-reply. Pursuant to this Court's Individual Practice Rules, section 2(D), "The Court does not accept 'letter motions' unless that procedure has been authorized in advance." We are not aware that Mr. Neiman has obtained such permission to supplement the fully briefed motions.

Moreover, the August 5th letter is inaccurate. It states that "All of the defendants in the above-mentioned matter, accept [sic] for Ebert & Associates and Steven Ebert have taken the position that because plaintiff signed the subject Contract, plaintiff is barred from claiming any type of inducement fraud, etc." Inasmuch as Ebert has incorporated by reference the arguments of its co-defendants, Mr. Neiman's statement with respect to Ebert's argument on the fraud point is not accurate. Ebert did not advance such an argument in its papers - not because it in any way concedes to plaintiff's fraud allegations - but because the absence of any allegations of fraud against Ebert vitiated the need for Ebert to disprove plaintiff's fraud allegations against its co-defendants.

---

[1] Per Your Honor's law clerk, Mr. O'Neil, this response is being sent to Chambers via facsimile.

3316562.1

Index No.: 08 Civ. 3667 (CM) (DFE)
Page 2

     As such, it is respectfully requested that this Court disregard plaintiff's August 5th letter and grant Ebert's motion to dismiss the complaint, in its entirety, pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6) or, alternatively, Rule 56.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lauren J. Rocklin, Esq.

cc:  **VIA FACSIMILE**

**Joseph H. Neiman, Esq., (201) 883-0767**
Attorney for the *Plaintiff*
Christian Stokes
39 Hudson Street
Hackensack, NJ 07601

**Barry M. Karson, Esq. (212) 490-8413**
Karson & Long, LLP
Attorneys for *Defendants*
Ronald and Marilyn Lusker
600 Third Avenue, 15th Floor
New York, NY 10016

**Steven Ira Fox, Esq. (212) 421-8170**
**David Wrobel, Esq.**
Wrobel & Schatz LLP
Attorneys for *Defendants*
Eric Malley & The Malley Group
757 Third Ave., Suite 1903
New York, NY 10017

**Bryan J. Mazzola, Esq. (212) 719-0717**
Cantor, Epstein & Mazzola, LLP
Attorneys for *Defendants*
Andrews Building Corp. and
85-87 Mercer Street Associates, Inc.
49 West 37th Street, 7th Floor
New York, NY 10018

3316562.1