```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTIAN STOKES,                             :     Index No.: 08 CV 3667
                                              :            (CM) (DFE)
                                   Plaintiff, :
            -against-                         :
                                              :
RONALD LUSKER, MARILYN KOCHER LUSKER, :
EBERT & ASSOCIATES, STEVEN EBERT, ESQ.,:
ANDREWS BUILDING CORP., MALLEY GROUP, ERIC :
MALLEY, 85-87 MERCER STREET ASSOCIATES, INC., :
                                              :
                                  Defendants. :
                                              :
-----------------------------------------------------------------X
```

# REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THE COOPERATIVE DEFENDANTS' MOTION
## FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)

CANTOR, EPSTEIN & MAZZOLA, LLP
*Attorneys for the Cooperative Defendants*
49 West 37th Street
New York, New York 10018
(212) 768-4343

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ……………………………………………………..1

ARGUMENT

POINT I …………………………………………...……………………………......2

PLAINTIFF'S OPPOSITION LETTER IS OF NO PROBATIVE VALUE

POINT II ……………………………………………………………………..……….2

STOKES HAS FAILED TO MEET HIS BURDEN TO DEFEAT THE COOPERATIVE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

CONCLUSION ……………………………………………………………...……..4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Harris v. Alcan Aluminium Corp.,* 91 A.D.2d 830, 458 N.Y.S.2d 420 (4th Dep't 1982) ............... 3

*John Scotto v. Arcadio Almenas et al,* 143 F.3d 105 (2d Cir. 1998) .............................................. 3

*John William Costello Associates, Inc. v. Standard Metals Corp.,* 99 AD2d 227, 472 N.Y.S.2d 325 (1st Dep't 1984) ........................................................................................................... 3

*Levine v. Yokell,* 245 AD2d 138, 665 NYS2d 962 (1st Dept. 1997). .............................................. 3

*Mascoli v. Mascoli,* 129 AD2d 778, 514 NYS2d 521 (2d Dep't 1987)........................................... 3

*Pelton v. 77 Park Ave. Condominium,* 38 A.D.3d 1, 825 N.Y.S.2d 28, 35 (1st Dep't 2006)......... 3

*Platzman v. Morris,* 283 AD2d 561, 562, 724 NYS2d 502 (2d Dep't 2001) ................................. 2

*Quarles v. General Motors Corp.,* 758 F.2d 839, 840 (2d Cir. 1985) ........................................... 3

*Redhead Properties, LLC v. Town of Wappinger,* 11 Misc.3d 1093(A), 819 NYS2d 851............. 2

**Statutes**

FRCP Rule 12(c).............................................................................................................................. 1

FRCP R.9(b) ................................................................................................................................... 1

## PRELIMINARY STATEMENT

This reply memorandum of law is respectfully submitted on behalf of the Cooperative Defendants in further support of their motion, pursuant to FRCP Rule 12(c), for judgment on the pleadings seeking dismissal of the Complaint against them in its entirety.[1]

To reiterate, Stokes breached his contract with the Luskers and now seeks to hold the Cooperative Defendants liable for fraud, conspiracy and negligence. The Complaint, however, fails as a matter of law and he has presented nothing in his opposition to save it.

The entirety of Stokes' opposition is a two-page, unsworn letter signed by his attorney which fails to address a number of pertinent issues raised in the Cooperative Defendants' moving memorandum of law, dated July 30, 2008 ("moving memorandum").[2] Namely: Stokes is precluded by the express terms of the Contract from asserting fraud; no duty ever existed between himself and the Cooperative Defendants; and Andrews, as agent for a disclosed principal, cannot be held liable. Consequently, the Cooperative Defendants' motion should be granted.

The one issue that Stokes did address - - his allegations of fraud - - still fall short and do not comply with FRCP R.9(b) that mandates fraud be pleaded with specificity.

## RELEVANT FACTS

The relevant facts are set forth in the Complaint and exhibits to the moving memorandum and will not be repeated herein.

---

1  The defined terms used herein will have the same meaning as in the moving memorandum.

2  Stokes' counsel clarified in an August 5 email that his August 5, 2008 letter was in opposition to the Cooperative Defendants' motion. A copy of that email is annexed hereto as Exhibit H.

1

# ARGUMENT

## POINT I

### PLAINTIFF'S OPPOSITION LETTER IS OF NO PROBATIVE VALUE

At bar, Stokes' attorney submitted an unsworn letter, without any exhibits, in opposition to the arguments (both legal and factual) raised in the Cooperative Defendants' moving memorandum. This letter and the new allegations raised therein (which are in and of themselves generic) are of no probative value, and cannot be used to clarify the *pro-forma*, fact-less allegations of fraud in the Complaint, *Redhead Properties, LLC v. Town of Wappinger*, 11 Misc.3d 1093(A), 819 NYS2d 851 (Supreme Court, Westchester Cty, 2006)("It is clear that there is not a scintilla of merit in the Respondents' counsel's unsworn claim that Respondents were deceived into entering into the Consent Judgment").

## POINT II

### STOKES HAS FAILED TO MEET HIS BURDEN TO DEFEAT THE COOPERATIVE DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS

Assuming, *arguendo*, that Stokes' opposition is considered, we note that it lacks any substantive response to a number of arguments presented in Cooperative Defendants' moving memorandum. In particular, nothing is presented to refute that Stokes is bound by the Contract he signed, and that the law will not permit him to assert fraud where he has represented that he has reviewed the relevant documents, *Platzman v. Morris*, 283 AD2d 561, 724 NYS2d 502 (2d Dep't

2001).[3]

Similarly, Stokes has not come forward with any evidence to show that a duty was created between himself and the Cooperative Defendants in order for him to sustain his fraud or negligence claims against them, *Levine v. Yokell*, 245 AD2d 138, 665 NYS2d 962 (1st Dept. 1997). Finally in this regard, Stokes has not presented any evidence sufficient to hold Andrews liable, *Pelton v. 77 Park Ave. Condominium*, 38 A.D.3d 1, 825 N.Y.S.2d 28, 35 (1st Dep't 2006). As the merits of the Cooperative Defendants' position are uncontested as to these points, the Complaint must be dismissed, *Mascoli v. Mascoli*, 129 AD2d 778, 514 NYS2d 521 (2d Dep't 1987); *John William Costello Associates, Inc. v. Standard Metals Corp.*, 99 AD2d 227, 472 N.Y.S.2d 325 (1st Dep't 1984)

In turning to the fraud, Stokes presents nothing more than additional conjecture of some "scheme" between the defendants. His newest allegations still fall short of the heightened pleading standard and present absolutely no particulars as required, *Quarles v. General Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985) ("mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion"); *John Scotto v. Arcadio Almenas et al*, 143 F.3d 105 (2d Cir. 1998) ("[the] non-moving party may not rely on conclusory allegations or unsubstantiated speculations"); *Harris v. Alcan Aluminium Corp.*, 91 A.D.2d 830, 458 N.Y.S.2d 420 (4th Dep't 1982) (the suspicion, surmise, accusation, and the mere hope that something will be

---

3   In fact, Stokes admits in his July 21, 2008, unsworn affidavit at ¶ 7 submitted in opposition to the remaining defendants' respective motions to dismiss, that he learned that the premises could not be rented commercially several days after he signed the Contract, but nonetheless proceeded to submit the Application for approval. Not only does this evidence that no fraud could have been committed, but shows that Stokes submitted the Application in bad faith and cannot blame anyone, except himself, for his breach.

uncovered is similarly inadequate).

In sum, Stokes' opposition does nothing to save the Complaint and it must be dismissed.

## CONCLUSION

Based on the foregoing, as well as the arguments presented more fully in the moving memorandum, it is respectfully submitted that the Complaint be dismissed in its entirety against the Cooperative Defendants, and that the Court grant such other and further relief as to is just, proper and equitable.

Dated: New York, New York
       August 12, 2008

                          CANTOR, EPSTEIN & MAZZOLA, LLP
                          *Attorneys for Cooperative Defendants*

                          By: _____
                                Bryan J. Mazzola, Esq.
                                49 West 37th Street, 7th Floor
                                New York, New York 10018
                                212-768-4343

# EXHIBIT H

**Bryan J. Mazzola**

| | |
|---|---|
| From: | Joe Neiman [j.neiman@verizon.net] |
| Sent: | Tuesday, August 05, 2008 3:43 PM |
| To: | Bryan J. Mazzola |
| Subject: | Re: Stokes v. Lusker |

Yes this is in reply to your motion and it does reference the other defendants. I am sorry for the oversight as the prior attorneys were served.

----- Original Message -----
**From:** Bryan J. Mazzola
**To:** J.Neiman@verizon.net
**Cc:** Madalina Andrei
**Sent:** Tuesday, August 05, 2008 2:57 PM
**Subject:** Stokes v. Lusker

Mr. Neiman:

I have just reviewed the your August 5, 2008 letter in opposition to Defendants' motion to dismiss and am a little confused. Is this letter your opposition to the brief that I filed on behalf of the Coop and Andrews? Please clarify because you seem to reference all defendants and I would like to be clear regarding what to reply to.

In addition, you must have noted that my firm has appeared on behalf of the Coop and Andrews and I ask that going forward you cc me on any correspondence that is sent to the court or the other
parties.


Sincerely,

Bryan J. Mazzola, Esq.
CANTOR, EPSTEIN & MAZZOLA, LLP
49 West 37th Street, 7th Floor
New York, NY 10018
(212) 768-4343 x117

NOTICE: The information contained in (and attached to) this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney/client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail, and delete the original message (including attachments).